# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

Tanya Winters,

Plaintiff,

v.

F-N-F Construction, et al.,

Defendants.

No. CV-24-00880-PHX-DMF

**REPORT AND RECOMMENDATION**

**TO THE HONORABLE STEPHEN M. MCNAMEE, SENIOR UNITED STATES DISTRICT JUDGE:**

In early April 2024, Plaintiff Tanya Winters ("Plaintiff") filed a pro se Complaint initiating this matter (Doc. 1). Later, Plaintiff filed an Application to Proceed in District Court Without Prepaying Fees or Costs[1] ("IFP Application") (Doc. 8). The Court granted the IFP Application, but the Court did not allow the Complaint to proceed to service given a number of identified deficiencies in the Complaint (Doc. 17).[2] Rather, the Court gave

---

[1] This is also referred to as an application to proceed in forma pauperis.

[2] Plaintiff has filed numerous previous matters in this Court as a pro se litigant. *See, e.g.*, 2:15-cv-00539-JJT (closed 07/23/2015); 2:16-cv-03547-GMS (closed 11/15/2016); 2:16-cv-03542-DGC (closed 04/21/2017); 2:16-cv-03551-DLR (closed 12/19/2016); 2:16-cv-03549-DLR (closed 12/20/2016); 2:18-cv-01854-JJT (closed 06/14/2018); 2:18-cv-01853-MHB (closed 11/08/2018); 2:18-cv-01851-JAT (closed 07/05/2018); 2:18-cv-01850-SPL (closed 06/22/2018); 2:18-cv-02467-JAT (closed 10/17/2018); 2:18-cv-02468-JAT (closed 04/09/2019); 2:18-cv-03322-JAT (closed 10/30/2018); 2:18-cv-03323-JAT (closed 08/09/2019); 2:19-cv-02086-SMB (closed 08/12/2019); 2:19-cv-02084-SPL

Plaintiff an opportunity to file a First Amended Complaint in which Plaintiff could attempt to cure the Complaint's deficiencies (*Id.*). Given Plaintiff's incarceration subsequent to Plaintiff filing this matter (*see* Docs. 9, 18), the Court also directed the Clerk of Court to send Plaintiff several forms for different types of complaints based on the form and content of Plaintiff's original Complaint (Doc. 19). After Plaintiff was given opportunity to file a First Amended Complaint in which Plaintiff could attempt to cure the Complaint's deficiencies, Plaintiff filed several notices (Docs. 20, 21, 23) and filed an amended complaint (Doc. 22).

Despite that Plaintiff has consented to proceed before a United States Magistrate Judge (Doc. 12), before appearances and consent of defendants, there is not full consent for a Magistrate Judge to enter dispositive orders. *See Williams v. King*, 875 F.3d 500 (9th Cir. 2017). Thus, the pursuant to General Order 21-25, undersigned proceeds with a report and recommendation to Senior United States District Judge Stephen M. McNamee. As outlined below, it is recommended that this matter be dismissed without prejudice and without leave to amend.

## I.      Screening/Review Pursuant to § 1915

If a plaintiff is found to be indigent under 28 U.S.C. § 1915(a)(1), such as in this matter where Plaintiff's IFP Application was granted, courts must engage in screening and dismiss any claims which: (1) are frivolous or malicious; (2) fail to state a claim on which relief may be granted; or (3) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Marks v. Solemn*, 98 F.3d 494, 495 (9th Cir. 1996). *See also Lopez v. Smith*, 203 F.3d 1122, 1126 n.7 (9th Cir. 2000) (28 U.S.C. § 1915(e) "applies to all *in forma pauperis* complaints," not merely those filed by prisoners). Where the complaint has been filed by a pro se plaintiff, as is the case here, courts must "construe the pleadings liberally ... to afford the petitioner the benefit of any doubt." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (citations omitted).

(closed 05/28/2019); 2:21-cv-00225-SPL (closed 04/08/2021); 2:22-cv-01375-DWL (closed 10/07/2022); 2:24-cv-00876-DJH (closed 05/20/2024); 2:24-cv-00878-SMB (closed 07/11/2024).

Federal Rule of Civil Procedure ("Fed. R. Civ. P.") 8(a)(2) provides that a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief."  A complaint that lacks such statement fails to state a claim and must be dismissed. In determining whether a plaintiff fails to state a claim, the court assumes that all factual allegations in the complaint are true.  *Parks Sch. of Bus. v. Symington*, 51 F.3d 1480, 1484 (9th Cir. 1995).  However, "the tenet that a court must accept a complaint's allegations as true is inapplicable to legal conclusions [and] mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*citing Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  The pertinent question is whether the factual allegations, assumed to be true, "state a claim to relief that is plausible on its face."  *Id.* (*citing Twombly*, 550 U.S. at 570).

Under the pleading standard set by the Supreme Court's decision in *Iqbal*, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  *Iqbal*, 556 U.S. at 678.  A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.* (citing *Twombly*, 550 U.S. at 556). A complaint that provides "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do."  *Twombly*, 550 U.S. at 555.  Nor will a complaint suffice if it presents nothing more than "naked assertion[s]" without "further factual enhancement." *Id.* at 557. Fed. R. Civ. P. 8 does not demand detailed factual allegations, however, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678.

Where a complaint contains the factual elements of a cause, but those elements are scattered throughout the complaint without any meaningful organization, the complaint does not set forth a "short and plain statement of the claim" for purposes of Fed. R. Civ. P. 8. *Sparling v. Hoffman Constr. Co.*, 864 F.2d 635, 640 (9th Cir. 1988) (abrogated on other grounds by *Smith v. Spizzirri*, 601 U.S. 472 (2024)).  Thus, a complaint may be dismissed where it lacks a cognizable legal theory, lacks sufficient facts alleged under a cognizable legal theory, or contains allegations disclosing some absolute defense or bar to recovery.

*See Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1988); *Weisbuch v. County of L.A.*, 119 F.3d 778, 783, n.1 (9th Cir. 1997).

As part of screening, the court must examine whether or not the court has jurisdiction to hear the alleged claims.  This court is a limited jurisdiction court and has no jurisdiction beyond that conferred upon it by federal statute.  *Brandt v. Bay City Super Mkt.*, 182 F.Supp. 937, 939 (N.D. Cal. 1960).  Fed. R. Civ. P. 8(a)(1) requires that a complaint contain a "short and plain statement of the grounds for the court's jurisdiction."  Further, the party asserting jurisdiction bears the burden of establishing jurisdiction.  *Lew v. Moss*, 797 F.2d 747, 749 (9th Cir. 1986). The United States Supreme Court has stated that a federal court must not disregard or evade the limits on its subject matter jurisdiction.  *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 374 (1978).  Thus, the Court is obligated to evaluate its subject matter jurisdiction in each case and to dismiss a case when such jurisdiction is lacking.  *See Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1116 (9th Cir. 2004); Fed. R. Civ. P. 12(h)(3).  Unlike state courts, federal courts only have jurisdiction over certain cases, and the district court's limited jurisdiction for civil cases most often is invoked because the case presents either a question of federal law (federal question jurisdiction) or a significant controversy between citizens of different states (diversity jurisdiction).  *See* 28 U.S.C. §§ 1331, 1332.

Diversity jurisdiction is inapplicable when any defendant is a citizen of the same state as Plaintiff.  *See* 28 U.S.C. § 1332 (regarding diversity jurisdiction).  Further, diversity jurisdiction requires that the amount in controversy exceed $75,000.  *Id.*

For federal question jurisdiction, 28 U.S.C. § 1331 provides that district courts have jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States."  The federal question jurisdiction statute, 28 U.S.C. § 1331, is applicable only when the plaintiff sues under a federal statute that creates a right of action in federal court. *See Merrell Dow Pharms. Inc. v. Thompson*, 478 U.S. 804, 807–12 (1986); *see also Utley v. Varian Assocs.*, Inc., 811 F.2d 1279, 1283 (9th Cir. 1987).  For example, a complaint that alleges only a federal constitutional violation is insufficient; the Court's "limited jurisdiction cannot be invoked so simplistically."  *Yokeno v. Mafnas*, 973 F.2d

- 4 -

803, 807 (9th Cir. 1992); *see also Lippitt v. Raymond James Fin. Servs.*, 340 F.3d 1033, 1040 (9th Cir. 2003) (quoting *Merrell Dow*, 478 U.S. at 813) (it is a "long-settled understanding that the mere presence of a federal issue in a state cause of action does not automatically confer federal-question jurisdiction"). "[A] complaint alleging a violation of a federal statute as an element of a state cause of action, when Congress has determined that there should be no private, federal cause of action for the violation, does not state a claim 'arising under the Constitution, laws, or treaties of the United States.'" *Merrell Dow*, 478 U.S. at 817 (quoting 28 U.S.C. § 1331).

"A district court should not dismiss a pro se complaint without leave to amend unless 'it is absolutely clear that the deficiencies of the complaint could not be cured by amendment.'" *Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012) (quoting *Schucker v. Rockwood*, 846 F.2d 1202, 1203–04 (9th Cir. 1988) (per curiam)). When the court dismisses the complaint of a pro se litigant with leave to amend or is inclined to do so, the "court must provide the litigant with notice of the deficiencies in his complaint in order to ensure that the litigant uses the opportunity to amend effectively." *Akhtar*, 698 F.3d at 1212 (*quoting Ferdik v. Bonzelet,* 963 F.2d 1258, 1261 (9th Cir. 1992)). "Without the benefit of a statement of deficiencies, the pro se litigant will likely repeat previous errors." *Karim–Panahi v. L.A. Police Dep't*, 839 F.2d 621, 624 (9th Cir. 1988) (quoting *Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987)). The court should not, however, advise the litigant how to cure the defects; this type of advice "would undermine district judges' role as impartial decisionmakers." *Pliler v. Ford*, 542 U.S. 225, 231 (2004).

**III.    The Amended Complaint Does Not Meet the Requirements to Proceed Beyond Screening Pursuant to 28 U.S.C. § 1915**

Similar to the deficiencies identified regarding the Complaint (Docs. 1, 17), the Amended Complaint (Doc 22) is insufficient to proceed to service. Pursuant to 28 U.S.C. § 1915, Plaintiff has not filed any claim or claims that survive the Court's required screening, whether in Plaintiff's Complaint, Amended Complaint, or recent notices (Docs. 1, 20, 21, 22, 23).

The Amended Complaint (Doc. 22) checks the box for federal question jurisdiction,

- 5 -

28 U.S.C. § 1331, but is blank and silent regarding any federal statute, treaty, and/or constitutional provision on which the Amended Complaint is based (Doc. 22 at 4). Further, the Amended Complaint implies diversity jurisdiction as the basis for the attempted claims in that Plaintiff states that the amount in controversy is more than $75,000 because of "[a]utomobile insurance not yet released" from Plaintiff being hit by an automobile while working (Doc. 22 at 5; *see also* Doc. 22-1 at 4). Plaintiff states that because automobile insurance coverage of $100,000 is still not released, Plaintiff is seeking $300,000 (Doc. 22 at 5-6; Doc. 22-1 at 4, 6). The Amended Complaint's implied assertion of diversity jurisdiction (Doc. 22-1 at 3) is undermined by Plaintiff and Defendant Brad Beauchamp being from the same state (Doc. 22 at 2-3; Doc. 22-1 at 1-2).[3] In her Amended Complaint, Plaintiff does not state Defendant F-N-F Construction's state of residence.[4] The Amended Complaint fails to contain sufficient basis to invoke this Court's jurisdiction.[5]

Further, like the Complaint (Doc. 1; *see* Doc. 17), the Amended Complaint's assertions are disjointed, conclusory, and non-specific, failing to comply with pleading requirements. In addition, the notices filed by Plaintiff (Docs. 20, 21, 23) do not comply with Fed. R. Civ. P. 8 and other pleading requirements for a complaint.

Because the Amended Complaint fails to contain sufficient basis to invoke this Court's jurisdiction and contains insufficient and conclusory allegations to state any claim upon which relief may be granted, the Amended Complaint should be dismissed without

---

[3] Similarly, the Complaint appeared to allege diversity jurisdiction (Doc. 1 at 3). *See* 28 U.S.C. § 1332; Doc. 17. In the Complaint, Plaintiff represented that she is a resident of the state of Arizona and listed as defendants two persons who are also residents of the state of Arizona, Katie Hobbs and Bradley D. Beauchamp (Doc. 1 at 1-4; *see* Doc. 17). This defeats diversity jurisdiction (Doc. 17). Further, the Complaint did not allege a basis for federal question jurisdiction that the Court could discern (Doc. 1 at 1-6; Doc. 1).

[4] Nor did Plaintiff do so in her Complaint (Doc. 1), where F-N-F Construction was named in the caption but not in the identifying section for the defendants.

[5] To the extent that Plaintiff may be attempting to allege an insurance bad faith claim or a worker's compensation claim, there are other forums for Plaintiff to have made and/or make such claims.

prejudice.

## IV.    LEAVE TO AMEND IS NOT APPROPRIATE

Plaintiff was put on notice of the deficiencies of her original Complaint (Docs. 1, 17) and was sent forms for use in attempting to cure deficiencies in her Complaint (Doc. 19).  Plaintiff filed an Amended Complaint as well as several notices, but Plaintiff's filings are insufficient in their form and contents.  Plaintiff has presented no complaint in this matter upon which this Court can presently exercise jurisdiction or which is sufficiently plead to state any claim upon which relief can be granted.  Plaintiff already had sufficient opportunity to attempt to cure complaint deficiencies, and the record reflects that it would be futile to allow additional leave to file another amended complaint in this matter.

Accordingly,

**IT IS RECOMMENDED** that this matter be dismissed without prejudice and closed.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1) of the Federal Rules of Appellate Procedure should not be filed until entry of the District Court's judgment.  The parties shall have fourteen days from the date of service of a copy of this recommendation within which to file specific written objections with the Court. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6, 72.  The parties shall have fourteen days within which to file responses to any objections.  Failure to file timely objections to the Magistrate Judge's Report and Recommendation may result in the acceptance of the Report and Recommendation by the District Court without further review.  *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003).  Failure to file timely objections to any factual determination of the Magistrate Judge may be considered a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the Magistrate Judge's recommendation.  *See* Fed. R. Civ. P. 72.

Dated this 22nd day of July, 2024.

_____

Honorable Deborah M. Fine
United States Magistrate Judge

- 7 -